UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN MUNDY,

               Plaintiff,                    Case No. 1:12-cv-635

v.                                       Honorable Janet T. Neff

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

               Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated in the Osceola County Jail.  In his *pro se* complaint, he sues the Michigan Department of Corrections (MDOC), the Osceola County Jail, MDOC Director Daniel Heyns and Oceola County Sheriff Jim Crowford.

Plaintiff pleaded guilty in the Wayne County Circuit Court to being a felon in possession of a firearm and to possession of a firearm during the commission of a felony.  On May 17, 2011, the trial court sentenced him to two years' imprisonment for the felony-firearm conviction, to be followed by a two-year probationary term for the felon-in-possession conviction.  The final sentence of the judgment of sentence states, "The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department."  (J. of Sentence, docket #1-1, Page ID#6.)  After serving eleven months of his sentence at a Level I facility operated by the MDOC, Plaintiff was transferred to the Osceola County Jail.

Plaintiff claims that by transferring him to the Osceola County Jail, Defendants "have usurped the sentencing judge[']s judicial powers by essentially amending the judgment of sentence to mean a 2 yr county jail sentence."  (Compl., docket #1, Page ID#3.)  In addition, Plaintiff claims that he was transferred without notice or a hearing in violation of the Due Process Clause and now is being denied a variety of "rights and privileges" that he previously enjoyed at the MDOC-operated facility, including (verbatim):

1)  The Prison Grievance Procedure (M.D.O.C.)

2)  M.D.O.C. Medical, Dental, Psychological, and Counseling Services

3)  P.C.S. Telephone Services (Court Ordered)

4)  M.D.O.C. Commissary, as well as Secure-Pak (Michigan Paxkaging) Store Orders

    5)  M.D.O.C. visitation Policy

    6)  Personal Property including T.V. clothes, and more

    7)  Law Library, Policy Directives (Access to Courts)

    8)  Denial Work Assignments

    9)  More Freedom of Movement (Recreation)

    10)  Self Help Programming

(Compl., docket #1, Page ID#4.)  Plaintiff seeks injunctive relief.

**Discussion**

    I.    <u>Immunity</u>

    As an initial matter, Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).  In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983

for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, the MDOC must be dismissed from this action.

      II.    <u>Failure to state a claim</u>

      A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To the extent Petitioner contends that his incarceration violates the judgment of sentence, he must bring a habeas corpus action. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). In any event, Petitioner's claim clearly is without merit. The judgment of sentence directed the sheriff to "deliver defendant to the Michigan Department of Corrections *at a place designated by the department*." (emphasis added). In this case, the MDOC has designated the Osceola County Jail as the place of Plaintiff's confinement. There was nothing in the trial court's order requiring that Plaintiff be incarcerated in a facility operated by the MDOC.

Plaintiff further alleges that he was transferred from an MDOC-operated facility to the Osceola County Jail without notice or a hearing in violation of his due process rights. Plaintiff, however, has no constitutional right to any particular placement or security classification. "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a

- 5 -

State . . . ." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). A change in security classification to a higher level of security, with nothing more, is not the type of atypical and significant deprivation in which an inmate might have a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification). Because Plaintiff has no right to be incarcerated at a particular facility, he was not entitled to due process before being transferred to the Osceola County Jail.

The remainder of Plaintiff's complaint consists of a laundry list of ten complaints regarding the conditions of confinement at the Osceola County Jail. Plaintiff alleges that he is being denied a variety of "rights and privileges" that he previously enjoyed at the MDOC operated facility, including the prison grievance procedure. Plaintiff, however, has no due process right to file a prison grievance. The Sixth Circuit has held that there is no constitutionally protected due process right to an effective prison grievance procedure. *See Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000). Therefore, the absence of an effective grievance procedure at the Osceola County Jail does not violate Plaintiff's federal rights.

Plaintiff also claims that he has been denied a work assignment and access to self-help programs. Federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (no constitutional right to rehabilitation); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services). Consequently, Plaintiff is not constitutionally entitled to a work assignment or self-help programs while incarcerated.

Plaintiff also asserts a violation of his First Amendment right of access to the courts because he is being denied access to a law library and copies of policy directives. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without

- 7 -

limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In addition, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff does not allege that he has suffered any injury whatsoever resulting from his lack of access to legal materials. As demonstrated by the instant action, Plaintiff has the resources available to file a civil action in federal court. Plaintiff, therefore, fails to state a claim.

Plaintiff fails to provide sufficient factual allegations with regard to the six remaining complaints. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555. The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* (quoting FED. R. CIV. P. 8(a)(2)). The Court is unable to discern a federal claim against

- 8 -

any Defendant from the short, four or five-word descriptions provided by Plaintiff.  Accordingly, Plaintiff's complaint will be dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  August 23, 2012                              /s/ Janet T. Neff
                                                     Janet T. Neff
                                                     United States District Judge